[Civ. No. 15346.   Second Dist., Div. One.   Apr. 8, 1947.]

ELLIS D. PARIS, Respondent, v. LOS ANGELES RAIL-
WAY CORPORATION (a Corporation) et al., Appel-
lants.

Gibson, Dunn & Crutcher, Philip C. Sterry and James D. Derby, Jr., for Appellants.

Chase, Barnes & Chase and Donn B. Downen, Jr., for Respondent.

DORAN, J.—This is an appeal by defendant in an action for damages for personal injuries wherein plaintiff recovered judgment.

A jury trial resulted in a verdict for plaintiff.  Motions for a nonsuit and a directed verdict during the course of the trial were denied.  A motion for judgment notwithstanding the verdict was also denied.  Following an unsuccessful motion for a new trial, defendant appealed from the judgment.

The injuries resulted from an accident which appellant describes as follows:

"The accident occurred between 12:30 and 1:00 A. M. and because of the 'blackout' which prevailed during the war street lights were hooded. Prior to the accident plaintiff, as he was crossing Broadway in an easterly direction at the south side of 47th Street observed a '7' line car at about 47th Place which was northbound and which passed him as he reached the east curb. When he stepped upon the curb he observed a woman standing between the north and southbound streetcar tracks at a point approximately 50 feet north of the north crosswalk of 47th Street facing west and also observed another '7' line car, which was southbound, approaching the place where she was standing and about 10 to 20 feet north of her position in the street. By this time the northbound '7' line car had crossed 47th Street and he observed the woman start to step backwards and then the northbound car cut off his view. After the two '7' line cars had passed each other he observed the body of the woman on the street very close to or on the southbound rail. He immediately started running towards the deceased and for the first time observed a southbound '8' line car approaching from 46th Street. He reached the deceased's body when this '8' line car was 10 to 15 feet from it and tried to pull the body from the track but, according to his testimony, was struck by the '8' line car which stopped 6 to 10 feet south of the woman's body."

It will be seen from the above that a woman was injured by one of two passing streetcars and that when plaintiff went to her assistance, a third car approached and, striking plaintiff, caused the injuries complained of.

It is contended by appellant that, "There is no evidence to sustain the implied finding of the jury that defendant was negligent or that negligence, if any, upon its part, proximately caused injury to the plaintiff" and that, "The court erred in submitting the case to the jury upon the doctrine of the last clear chance."

Before giving consideration to the above contentions, it should be noted with regard to the evidence that what appellant refers to as a "blackout" may be more accurately described as a "dimout." The record reveals that the street light standards located at the four corners of the intersection were lighted as well as other similar standards located about

half way between the intersections. About one-half of the top portion of the lights were hooded so as not to reflect the light upward. Also that various places of business located at or near the intersection had small store display lights in the windows. The weather was clear.

■ In connection with the first above mentioned contention appellant argues that, ''The conclusion that Enders (the operator of the streetcar) was guilty of negligence, could only be reached by indulging in pure speculation'' and with regard to plaintiff's efforts to rescue the woman, ''Whether the car was 10 feet or 3 feet away he nevertheless knew that it was in motion and having full knowledge of that fact and the fact that it might not be able to stop he nevertheless dropped to his knees directly in front of the oncoming streetcar. We submit that in so doing he acted with a recklessness which would not be warranted under the circumstances in the judgment of a reasonably prudent man. There is very grave doubt that plaintiff was struck by the car. . . .''

Without going into further detail, it is sufficient to note that as a matter of law the evidence supports the verdict and judgment.

■ As to the last clear chance doctrine submitted to the jury appellants submit that, ''The instruction, as a general statement of the law, correctly sets forth the various elements necessary to bring the last clear chance doctrine into play. The vice of the instruction lies in the fact that there is no evidence establishing any of these elements.'' It is urged that the foregoing instructions conflicted with one requested by defendant and given. There is no merit to the contention, which appears to be based on an exaggerated notion as to the effect of the instructions.

There being no prejudicial errors in the record, the judgment and orders are affirmed.

York, P. J., concurred.

WHITE, J.—I concur. In the case of *Henshaw* v. *Belyea,* 220 Cal. 458, 462 [31 P.2d 348], it was held that in an attempt to rescue a person from serious injury or imminent death one is required to exercise a reasonable regard for his own safety, but that ''the law has so high a regard for human life that it will not impute negligence to an effort to preserve it, unless made under such circumstances as to constitute rashness

in the judgment of prudent persons.'' The instant case presents a situation where it was a question for the jury to determine whether or not, under all the circumstances, respondent acted rashly or recklessly. It was also a question for the jury to determine whether or not the admitted failure of the motorman to heed the warning flashlight of respondent prior to a time when said motorman was too close to the injured woman to bring his car to a stop constituted negligence on his part. There is substantial evidence to support the implied finding of the jury on these and other issues as to negligence raised by the evidence.

With reference to the claimed error in the giving of an instruction on the last clear chance doctrine, I am persuaded, in view of several instructions given at the request of appellant with respect to the duties and obligations resting upon respondent in order to avoid being guilty of contributory negligence, it cannot reasonably be inferred that the jury was, as appellant claims, confused to the extent that they were led to believe that any and all contributory negligence on the part of respondent was removed by the giving of the challenged instruction on the doctrine of last clear chance. Furthermore, in the light of the evidence contained in the record herein, it must be held that the instruction, even if erroneously given, did not result in a miscarriage of justice within the meaning of section 4½ of article VI of the Constitution of this state.

A petition for a rehearing was denied April 25, 1947, and appellants' petition for a hearing by the Supreme Court was denied May 29, 1947. Schauer, J., voted for a hearing.